**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ICEY TARVER,                )
    Plaintiff,              )
                             )          Case No.
v.                          )
                             )          Jury Demand
TYSON FOODS,                )
    Defendants.             )

**COMPLAINT**

NOW COMES, the Plaintiff, Icey Tarver, ("Plaintiff" or "Tarver"), by and through her undersigned attorneys, and for her Complaint against Tyson Foods ("Tyson"), states as follows:

**Nature of the Case**

1.  Counts I and II arise under Title VII of the Civil Rights Act 42 U.S.C. § 2000e as amended, 28 U.S.C. €1331, 28 U.S.C. § 1367 and the Illinois Human Rights Act, 775 ILCS 5/*et seq*. ("IHRA").

2.  Count III and IV arise under the Fair Labor Standards Act, 28 U.S.C. 201, et seq. and 29 U.S.C. 15(a)(3).

**Jurisdiction**

3.  This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e as amended, 28 U.S.C. § 1331, 28 U.S.C. § 1367.

4.  Venue is proper in Northern District as Plaintiff resides in this district and Defendant does business in this district.

5.  All conditions precedent have been fulfilled by Plaintiff, including the filing of charges with the Equal Employment Opportunity Commission ("EEOC"). Charge Complaint is attached hereto as Exhibit A.

1

6.   Plaintiff received a Notice of Right to Sue letter from EEOC entitling her to bring this action. Attached hereto as Exhibit B is a copy of the letter.

**Parties**

7.   Plaintiff is a female and resident of Cook County, Illinois. At the time of her employment, Plaintiff worked and resided in Pulaski County, Arkansas.

8.   Defendant is a duly registered entity licensed to conduct business in Illinois.

9.   At all relevant times, Defendant conducted regular business in the State of Illinois and County of Cook.

10. At all relevant times, Defendant engaged in an industry affecting commerce and employed more than 50 employees for each working day in this and the preceding calendar year.

11. At all times relevant, Plaintiff was employed by Defendant at its Pine Bluff, Arkansas location and at its Little Rock, Arkansas location. In Pine Bluff, Plaintiff was an orientation trainer. In Little Rock, Plaintiff was a QA Technician.

**Count I- Sexual Harassment**

12. Plaintiff incorporates all the preceding paragraphs as though fully set forth herein.

13. From approximately February 2017 and continuing through November 2017, Plaintiff was subjected to unwelcome sexual advances, sexual comments, and other physical and verbal conduct of a sexual nature from various co-workers due to her gender.

14. In March 2017, Plaintiff's co-worker, Joseph, would leave his work area and follow Plaintiff as she worked to watch Plaintiff perform her job functions making her uncomfortable.

15. Plaintiff timely informed Karen Porter, the General Production Manager, of the conduct. No action was taken by Porter to rectify the conduct.

16. In July 2017, Plaintiff's co-worker, Ramone, brushed up against Plaintiff's posterior and pressed himself against her.

17. In response to this physical conduct, Plaintiff complained directly to Ramone and then notified Karen Porter, the General Production Manager (hereafter "Porter") of the offensive conduct.

18. Upon complaint, Porter called both Plaintiff and Ramone into her office to "diffuse" the situation but took no action to reprimand Ramone for his conduct.

19. In October 2017, Maintenance Supervisor, Jack Wiley, massaged Plaintiff's shoulders without permission or request. In doing so, Jack pressed his genitals into Plaintiff's posterior.

20. Plaintiff was told by co-worker, Megan Smith, that Jack Wiley was a habitual violator who had many complaints lodged against him for touching female employees, including Ms. Smith. Plaintiff was also advised that nothing would be done by management in regards to her complaints for unwanted touching.   Plaintiff was present with Ms. Smith when she complained to Terrance Nichols who advised that he would handle it. To the best of Plaintiff's knowledge, nothing was done to remedy the situation.

21. In November 2017, a maintenance worker, Adrian, sent Plaintiff photographs of his genitals to her phone and asked for sex.

22. Again, in December 2017, even after Plaintiff had left the employment for said harassment, Sanitation Manager, Carl Devose, sent Plaintiff a Facebook message asking Plaintiff for some "p****y."

23. In July 2017, Plaintiff, along with two other female QA Techs, were called into Human Resource Officer Cassandra Carey's office and reprimanded for exchanging words with a co-worker, Raphael, who was intimidating and threatening the three women. Raphael was

threatening and harassing the women by staring at the women, aggressively passing by on a pallet jack causing them to fear that he would hit them, and coming to the work area without authorization to stare at and make threatening statements to the women.

24. At that time, no action was taken against Raphael for the threats or intimidation. Sometime after Plaintiff resigned, Raphael was terminated for physically assaulting a female co-worker.

25. Plaintiff also experienced and saw the harassment of many other female co-workers and management that went without reprimand by management.

26. In summer of 2016, while working as an orientation trainer, Plaintiff alerted Tonya Shaw, a Human Resources manager, that she had been directly told that new hires were being propositioned by supervisor, Marque Haynes, for sexual favors in exchange for promotions. Plaintiff was informed that such allegations were untrue. At some time later, Haynes was terminated for assaulting a female employee with whom he was engaging in a sexual relationship.

27. Between August and November of 2017, Plaintiff's co-workers reported another co-worker for groping female employees. Plaintiff also reported several other co-workers who encouraged said co-worker to grope and fondle females at the workplace.

28. Plaintiff was forced to resign from her position in November 2017 due to the constant stress and harassment and adverse actions taken by management in response to her complaints.

29. As a result of Defendant's failure to respond to, act upon, or rectify, the continuous, persistent, unwelcome, offensive, and humiliating actions of its male employees toward Plaintiff, a hostile and intimidating workplace environment was created that interfered with Plaintiff's ability to perform her job.

30. Plaintiff's complaints to management and human resources led to adverse actions being taken against her rather than the offending parties, which created a hostile and intimidating work environment that interfered with Plaintiff's ability to perform her job.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to provide the following equitable and legal remedies:

a. Order a permanent injunction prohibiting Defendant from further acts of sexual discrimination and harassment;

b. Award Plaintiff costs of litigation, including reasonable attorneys' fees, expert fees and expenses;

c. Award Plaintiff a judgment against Defendant for lost wages, back pay and other compensatory damages;

d. Award Plaintiff prejudgment interest;

e. Award Plaintiff punitive damages, as permitted by law, for the willful and wanton conduct of Defendant;

f. Order Defendant to implement effective steps to eliminate sexual discrimination and sexual harassment from Defendant's locations; and

g. For other relief as this Court deems just and reasonable.

**Count II-Sexual Discrimination.**

31. Plaintiff incorporates the proceeding paragraphs by reference herein as thought fully set forth.

32. Plaintiff's job performance met all expectations while at the Pine Bluff location.

33. Plaintiff's job performance met all expectations at the Little Rock location.

34. From approximately February 2017 through November 2017, Plaintiff was subjected to sexual harassment at the hands of co-workers and managers.

35. Plaintiff opposed such conduct by co-workers and managers.

36. Between June and September 2017, several positions for advancement became available for which Plaintiff was qualified. Plaintiff interviewed for said positions and was told she was a solid candidate for openings in the Pine Bluff location.

37. That despite being told that she was solid candidate for these positions and being advised that she had been recommended for at least one of these positions, she was not hired for these positions.

38. Plaintiff did not receive these promotions due to her gender and complaints about harassment from co-workers.

39. Defendant was responsible for aiding and abetting it employees in denying Plaintiff advancement due to her gender.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to provide the following equitable and legal remedies:

a.  Order a permanent injunction prohibiting Defendant from further acts of sexual discrimination and harassment;

b.  Award Plaintiff costs of litigation, including reasonable attorneys' fees, expert fees and expenses;

c.  Award Plaintiff a judgment against Defendant for lost wages, back pay and other compensatory damages;

d.  Award Plaintiff prejudgment interest;

6

e. Award Plaintiff punitive damages, as permitted by law, for the willful and wanton conduct of Defendant;

f. Order Defendant to implement effective steps to eliminate sexual discrimination and sexual harassment from Defendant's locations; and

g. For other relief as this Court deems just and reasonable.

**Count III-Complaint for Retaliation**

40. Plaintiff incorporates the proceeding paragraphs by reference herein as thought fully set forth.

41. Plaintiff's job performance met all expectations while at the Pine Bluff location.

42. Plaintiff's job performance met all expectations at the Little Rock location.

43. From approximately February 2017 through November 2017, Plaintiff was subjected to sexual harassment at the hands of co-workers and managers.

44. Plaintiff opposed such conduct by co-workers and managers.

45. In February 2017, Plaintiff complained about the harassing conduct of co-workers and managers to the appropriate managers by lodging complaints with Chris Mitchell the ethics coordinator. At that time, Plaintiff informed Mitchell that she feared for her safety.

46. In February 2017, Plaintiff also complained about safety and security protocols not being followed to QA managers Justin Hayes and Steve Orrell, at the Little Rock location.

47. When they failed to take appropriate action regarding the safety and security protocols, Plaintiff complained to the corporate human resources department and detailed issues to Chris Mitchell, the ethics coordinator.

48. Plaintiff met with Mitchell in February 2017 to discuss these issues.

49. Shortly after meeting with Mitchell to discuss issues and complaining about the harassment, Plaintiff was suspended for insubordination. The suspension was allegedly caused by Plaintiff's refusal to bypass her immediately supervisor and communicate with a different line supervisor at Karen Porter's direction.

50. After an internal investigation, Plaintiff's suspension was revoked and found to be baseless.

51. In March 2017, Plaintiff, who had no previous disciplinary issues, was written up twice. First, Plaintiff was written up for almost being struck by a truck. Second, Plaintiff was written up for improperly testing a food product.

52. Plaintiff believed that the above-stated disciplinary action was retaliation for her filing of complaints against her co-workers.

53. In October 2017, Plaintiff complained to Karen Porter and Cassandra Carey that a co-worker, Jeremiah, was constantly staring at her and then would curse at Plaintiff during the performance of her work. Plaintiff requested to be separated from Jeremiah and instead was forced to work with him daily. Plaintiff was then disciplined based on a co-worker's statement that she and a co-worker, Jeremiah, were arguing and swearing at each other.

54. Plaintiff was informed that because this was her third disciplinary action in 12 months, she could be terminated.

55. On November 1, 2017, Plaintiff made a complaint against Kenya Swanigan for an altercation in which Ms. Swanigan yelled and swore at Plaintiff in front of line supervisor Teecumpsy Burgess. Burgess took no action to remedy the altercation.

56. Rather, Plaintiff was brought to Cassandra Carey's office and reprimanded for the complaint and conduct. Carey issued a second suspension to Plaintiff at that time. This suspension was deemed unfounded and overturned after investigation.

57. During this conversation, Human Resource manager, Cassandra Carey, called the North Little Rock police department to the location. Although, Plaintiff had no interaction with the police at this time, Plaintiff believes that Carey called the police to intimidate Plaintiff and force Plaintiff to resign.

58. During her second unfounded suspension and prior to her resignation, Plaintiff was notified by several employees via calls and texts that Carey had said Plaintiff had to be removed from the location by police. Further, Plaintiff was questioned about whether she had been arrested.

59. Plaintiff resigned on Nov. 6, 2017.

60. At the time of her resignation, Plaintiff was led to believe by Defendant that she would be terminated if she did not resign. Defendant further led Plaintiff to believe that resignation was a better option to protect her professional reputation. Believing she had no choice, Plaintiff tendered her resignation.

61. After her resignation, Plaintiff was found to have done nothing wrong in relation to the Oct. 2017 incident. Plaintiff was then paid for her 3-day suspension, which was found to be unwarranted.

62. In October 2017, Plaintiff discovered that members of the management team were watching her excessively and tracking her movements even while on break.

63. Adverse actions were taken by Defendant after Plaintiff had engaged in protected activity of opposing sexual harassment and reporting it to management.

64. Defendant took further adverse actions after Plaintiff engaged in activity to expose safety concerns and improperly-followed protocols.

65. Defendant was responsible for aiding and abetting its employees in harassing Plaintiff. Defendant retaliated against Plaintiff for filing complaints regarding her co-employees harassment.

66. Defendant was acting in coordinated effort to terminate Plaintiff for opposing the harassment and for opposing and bringing forth safety concerns.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to provide the following equitable and legal remedies:

a.  Order a permanent injunction prohibiting Defendant from further acts of sexual discrimination and harassment and retaliation;

b.  Award Plaintiff costs of litigation, including reasonable attorneys' fees, expert fees and expenses;

c.  Award Plaintiff a judgment against Defendant for lost wages, back pay and other compensatory damages;

d.  Award Plaintiff punitive damages, as permitted by law, for the willful and wanton conduct of Defendant;

e.  Order Defendant to implement effective steps to eliminate sexual discrimination and sexual harassment from Defendant's locations; and

f.  For other relief this Court deems just and reasonable.

### Count IV- Violation of Fair Labor Standards Act

67. Plaintiff incorporates the proceeding paragraphs by reference herein as thought fully set forth.

68. In January 2017, Plaintiff began to notice that the hours she worked were not being accurately reflected in her pay.

69. At the same time, Plaintiff noticed that she was not being paid for the hours worked that would have qualified her for over-time pay.

70. In January 2017, Plaintiff notified Cassandra Carey, the Human Resources manager, about the discrepancy in her pay.

71. After investigation, Carey admitted that Plaintiff's manager, Justin Hayes, was deducting time from her timesheet for breaks that were not taken.

72. The investigation showed that these deductions had been occurring for some time without notice to Plaintiff.

73. Plaintiff was provided an off-cycle check to remediate some of the time unfairly deducted from her pay.

74. Plaintiff requested a full accounting of her time but was not provided one.

75. Defendant knowingly altered the Plaintiff's timesheet, knowingly deducted time and pay from Plaintiff and failed to compensate Plaintiff for all of her time worked.

76. Defendant knowingly failed to account for and compensate Plaintiff for the time worked, including overtime.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to provide the following equitable and legal remedies:

a. Order a permanent injunction prohibiting Defendant from further acts of in violation of the Fair Labor Standards Act;

b. Award Plaintiff costs of litigation, including reasonable attorneys' fees, expert fees and expenses;

c. Award Plaintiff a judgment against Defendant for lost wages, back pay and other compensatory damages;

d. Award Plaintiff prejudgment interest;

e. Award Plaintiff punitive damages, as permitted by law, for the willful and wanton conduct of Defendant; and

f. For other relief as this Court deems just and reasonable.

**Count V-Retaliation under Fair Labor Standards Act**

77. Plaintiff incorporates the proceeding paragraphs by reference herein as thought fully set forth.

78. Plaintiff's job performance met all expectations while at the Pine Bluff location.

79. Plaintiff's job performance met all expectations at the Little Rock location.

80. In January 2017, Plaintiff began to notice that the hours she worked were not being accurately reflected in her pay.

81. At the same time, Plaintiff noticed that she was not being paid for the hours worked that would have qualified her for over-time pay.

82. In January 2017, Plaintiff notified Cassandra Carey, the Human Resources manager, about the discrepancy in her pay.

83. After investigation, Carey admitted that Plaintiff's manager, Justin Hayes, was deducting time from her timesheet for breaks that were not taken.

12

84. That the investigation showed that this deduction had been occurring for some time and without notice to Plaintiff.

85. That Plaintiff was provided an off-cycle check to remediate some of the time unfairly deducted from her pay.

86. Plaintiff requested a full accounting of her time but was not provided one.

87. Plaintiff also requested documentation related to her pay grade including why her hourly rate was less than the posted hourly rate. Plaintiff made multiple inquiries to Carey, Felita Wilkes, Tonya Shaw and Mr. Denton regarding this issue but was never provided any information.

88. Plaintiff had had no issues with her conduct prior to her complaints about failure to be fully compensated.

89. Defendant had not issued any write-ups or took any disciplinary action toward Plaintiff prior to her complaints.

90. After the investigation, Defendant, via its employee, Cassandra Carey, issued two write-ups for alleged conduct by Plaintiff in March 2017.

91. In October 2017, Plaintiff discovered that members of the management team were watching her excessively and tracking her movements even while on break.

92. Plaintiff believed that the disciplinary actions and excessive monitoring of her were in retaliation for her complaints about failure to properly and fully compensate her for her time worked.

93. Defendant took further adverse actions after Plaintiff engaged in activity to require compensation for all of the hours worked, including overtime.

94. Defendant was responsible for aiding and abetting its employees in harassing and retaliation against Plaintiff.

95. Defendant was acting in coordinated effort to terminate Plaintiff for complaining about Defendant's failure to compensate her for the hours worked, including overtime.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to provide the following equitable and legal remedies:

    a. Award Plaintiff costs of litigation, including reasonable attorneys' fees, expert fees and expenses;

    b. Award Plaintiff a judgment against Defendant for lost wages, back pay and other compensatory damages;

    c. Award Plaintiff punitive damages, as permitted by law, for the willful and wanton conduct of Defendant; and

    d. For other relief this Court deems just and reasonable.

**Count VI-Intention Infliction of Emotional Distress**

96. Plaintiff incorporates the proceeding paragraphs by reference herein as thought fully set forth.

97. That Defendant's employees and managers intentionally, and within the scope of their employment, physically touched Plaintiff in a sexual manner.

98. That these employees' conduct was intentional and outrageous.

99. That Defendants' employees conduct caused Plaintiff to suffer extreme mental anguish, outrage, anxiety, shame and embarrassment, disruption of her personal life and loss of enjoyment of the ordinary enjoyment of life.

100. That Defendant had notice of the conduct via Plaintiff's complaints and reports.

101. That Defendant failed to respond to Plaintiff's complaints and reports of said conduct.

102. That Defendant's failure to respond to Plaintiff's complaints was outrageous conduct.

103. That Defendant was negligent in hiring, supervising and retaining offending employees.

104. That as a proximate and direct result of Defendant's conduct, Plaintiff suffered extreme mental anguish, outrage, anxiety, shame and embarrassment, disruption of her personal life and loss of enjoyment of the ordinary enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to provide the following equitable and legal remedies:

a. Award Plaintiff costs of litigation, including reasonable attorneys' fees, expert fees and expenses;

b. Award Plaintiff a judgment against Defendant for compensatory damages;

c. Award Plaintiff punitive damages, as permitted by law, for the willful and wanton conduct of Defendant; and

d. For other relief as this Court deems just and reasonable.

Respectfully submitted,

ICEY TARVER

_____
By one of her attorneys

Carla E. Buterman
Michael Davis
Davis & Buterman, LLC
53 W. Jackson Blvd., Suite 1128
Chicago, IL 60604
312.802.3434
carla@davisbuterman.com
michael@davisbuterman.com

Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | **493-2018-00136** |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Icey N. Tarver** | **(773) 801-8950** | **1983** |

Street Address                City, State and ZIP Code

**12063 Paul Eells Dr, Apt. 102 N Little Rock, AR 72113**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **TYSON FOODS** | **500 or More** | **(501) 955-8116** |

Street Address                City, State and ZIP Code

**3800 Progress,  North Little Rock, AR 72114**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN <br> ☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION <br> ☐ OTHER (Specify) | Earliest **03-27-2017**  Latest **11-06-2017** <br><br> ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I was hired in March 2016.  My most recent position was Quality Technician.  In February 2017, I complained to corporate that the facility was not doing thing according to company standards.  In March 2017, I was written up twice.  Around July or August 2017, I was sexually harassed by a coworker.  I reported this to the Production Supervisor.  In September 2017, I was sexually harassed by another employee in the form of starring.  I reported to management.  Around October 3, 2017, I was written up.  Around October 5, 2017, I was sexually harassed by the Maintenance Supervisor.  On or about November 1, 2017, I was suspended for 4 days.  On November 6, 2017, I resigned.**

**I was told I was suspended because of my history of discipline.**

**I believe I was disciplined, sexually harassed, because of my sex, female and constructively discharged because of the discipline and sexual harassment, and disciplined in retaliation for reporting sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| **Dec 05, 2017** <br> Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Exhibit B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Icey N. Tarver<br>12063 Paul Eells Dr. Apt 102<br>N Little Rock, AR 72113 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 493-2018-00136 | Johnny L. Glover,<br>Investigator | | (501) 324-6475 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations** that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*William A. Cash Jr. /Ja*

DEC 1 2 2017

Enclosures(s)

William A. Cash, Jr.,
Area Office Director

(Date Mailed)

cc:
Lola Hithon
VP of Employment Compliance
TYSON FOODS
2200 Don Tyson Parkway, Mail Code CP422
Springdale, AR 72762

Remailed on 2/9/18, to
Icey N. Tarver
10208 S. Princeton Ave.
Chicago, IL 60628
K.C.Co Kens

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this **Notice**. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before **you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***